UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH L. KURTZ, JR., <br><br> Plaintiff, <br><br> vs. <br><br> DARREN YOUNG, Warden, in his individual and official capacity, and "NURSE" KAY, the Nurse in Charge of Ordering, in his/her individual and official capacity, <br><br> Defendants. | 4:21-CV-04123-KES <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Kenneth L. Kurtz, Jr., an inmate at the South Dakota State Penitentiary at the start of this lawsuit, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court ordered him to pay his full filing fee or move for in forma pauperis status by August 20, 2021. Docket 3. Kurtz moves for leave to proceed without prepayment of fees and included a financial affidavit on August 3, 2021. Docket 6.

I.     **Motion for Leave to Proceed without Prepayment of Fees**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in

forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Kurtz's financial affidavit, the court finds that he has insufficient funds to pay the filing fee. Thus, Kurtz's motion for leave to proceed without prepayment of fees (Docket 6) is granted.

## II.   1915 Screening

### A.   Factual Background

The facts alleged in Kurtz's complaint are: that Kurtz was refused batteries for his hearing aids while an inmate at the Sioux Falls State Penitentiary. Docket 1 at 4. He alleges that Warden Darren Young refused to provide hearing aid batteries on June 3, 2021. *Id.* at 5. As a result, he alleges that he suffered loss of hearing. *Id.* He also alleges that he filed a grievance, received no response, and was unable to appeal any decision because there was no response to appeal. *Id.* at 7.

Kurtz asserts claims for deliberate indifference of his serious medical needs under the Eighth Amendment and violation of his Equal Protection rights under the Fourteenth Amendment against Warden Darin Young and "Nurse" Kay, the nurse in charge of ordering. *Id.* at 2-3. He sues both defendants in their individual and official capacities. *Id.* at 2. He seeks one million dollars in monetary damages. *Id.* at 5.

### B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "[are] (1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief."

3

28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

    **C.**    **Legal Analysis**

        **1. Official Capacity Claims**

Kurtz brings claims against both defendants in their individual and official capacities. Docket 1 at 2. Both defendants are state employees. *Id.* "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan*, 555 U.S. 223, 242-43 (2009). Here, Kurtz requests money damages. Docket 1 at 5. The state of South Dakota has not waived its sovereign immunity. Thus, his claims against both defendants in their official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### 2. Individual Capacity Claims

#### a. Eighth Amendment

Kurtz alleges that defendants violated his Eighth Amendment rights. *Id.* at 3. To sufficiently allege that the conditions of confinement violate the Eighth Amendment, Kurtz must assert that the alleged deprivation resulted "in the denial of the minimal civilized measure of life's necessities" and that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (internal quotation omitted); *see also Dalrymple v. Dooley*, 12-CV-4098-KES, 2014 WL 4987596, at *5 (D.S.D. Oct. 6, 2014). First, under the objective component, an inmate must show that a condition of confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). The Supreme Court has listed "food, clothing, shelter, medical care, and reasonable safety" as minimal civilized measures. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). Second, under the subjective component, the inmate must show that the defendant prison officials " 'act[ed] with a sufficiently culpable state of mind' " in relation to the prison condition. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (alteration in original) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A " 'should-have-known' standard . . . is not sufficient to support a finding of deliberate indifference[.]" *Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). A prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm

5

[would] result." *Farmer*, 511 U.S. at 835. A prisoner need only show that the prison official knew of and disregarded "an excessive risk to inmate health or safety." *Id.* at 837.

Kurtz alleges that he was denied batteries for his hearing aids. Although he claims Warden Young refused to provide batteries, he makes no statement of fact beyond this claim. *See* Docket 1 at 4-5. He makes no claims as to Warden Young's awareness or state of mind. *See id.* And he makes no claims about "Nurse" Kay whatsoever other than naming him or her as a defendant. *See id.* Although denial of batteries for hearing aids may meet the objective component, Kurtz alleges no facts that would meet the subjective component by showing that any of the named defendants knew of, yet disregarded, the risk to his health or safety. Thus, Kurtz fails to state an Eighth Amendment claim, and his claim is dismissed under 28 US.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**b. Equal Protection**

Kurtz alleges that Warden Young and "Nurse" Kay violated his rights under the Equal Protection Clause. Docket 1 at 3. "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)). To establish "an equal protection claim, a prisoner must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a 'fundamental right.' " *Patel v.*

*U.S. Bureau of Prisons*, 515 F.3d 807, 815-16 (8th Cir. 2008) (quoting *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006)).

Although Kurtz alleges an Equal Protection claim, he states no facts showing that he was treated differently from similarly-situated inmates. *See* Docket 1. As stated in *Weiler*, this showing is the heart of an equal protection claim. *Weiler*, 137 F.3d at 1051. Thus, he fails to state a claim under the Equal Protection Clause against Warden Young and "Nurse" Kay, and his claim is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Thus, it is ORDERED:

1. That Kurtz's motion for leave to proceed without prepayment of fees (Docket 6) is granted.
2. That Kurtz's complaint (Docket 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).
3. That this action constitutes a strike against Kurtz for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).
4. That judgment is entered in favor of Warden Young and "Nurse" Kay and against Kurtz.

Dated August 24, 2021.

                                       BY THE COURT:

                                       /s/ *Karen E. Schreier*
                                       KAREN E. SCHREIER
                                       UNITED STATES DISTRICT JUDGE